IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL F. SCHULZE, Fed. I.D. #36817-048, | ) ) | CIV. NO. 20-00222 DKW-RT |
| | ) | ORDER DISMISSING PETITION |
| Petitioner, | ) | AND DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| vs. | ) | |
| | ) | |
| HIROMICHI KOBAYASHI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Michael F. Schulze is incarcerated at the Federal Detention Center

("FDC") in Honolulu, Hawaii.  He filed the instant Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241, alleging that he is being denied access to the

courts and subjected to cruel and unusual punishment in violation of the Fifth and

Eighth Amendments.  For the following reasons, the Petition is DISMISSED, and

any request for a certificate of appealability is DENIED.

## I. BACKGROUND

Schulze alleges that the Bureau of Prisons ("BOP") issued a fourteen-day

"Stay in Place" lockdown order on April 1, 2020, following the outbreak of the

COVID-19 pandemic.  Pet., ECF No. 1 at #6 (Ground One).  When this order

allegedly expired, Schulze says that Captain Miller extended the lockdown

indefinitely, "despite the April 30 expiration of the Federal Government's 'social

distancing guidelines." *Id.* Schulze further complains that because of this indefinite lockdown at the FDC, Warden Kobayashi has restricted inmates' access to the prison law library. He alleges that this has denied him access to the courts because he has "three cases with imminent court deadlines." *Id.*

Schulze also alleges that being on lockdown imposes cruel and unusual punishment because he is only allowed out of his cell to shower, exercise, and communicate by telephone or email for ninety-minutes every other day. *Id.*

## II.  LEGAL STANDARD

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to entertain a writ of habeas corpus "within their respective jurisdictions," from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") applies to habeas petitions brought pursuant to 28 U.S.C. § 2241[1] and requires the

---

[1]*See* Rule 1(b) of the Habeas Rules.

summary dismissal of a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III.  DISCUSSION

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).  "[H]abeas is the exclusive vehicle for claims brought by . . . prisoners that fall within the core of habeas corpus, and such claims may not be brought in a [civil rights] action."  *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (discussing state prisoner's civil rights actions under 42 U.S.C. § 1983).  *Nettles* sets forth "the correlative rule that a [civil rights] action is the exclusive vehicle for claims brought by . . . prisoners that are not within the core of habeas corpus."  *Id.*  That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions.  *Id.* at 934.  If success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and, thus, is not cognizable under 28 U.S.C. § 2241.  *Id.* at 935 (citing *Skinner v. Switzer*, 562 U.S. 521 (2012)).

Schulze's present challenge to the conditions of his confinement under the Fifth and Eighth Amendments will not lead to his immediate or earlier release. Rather, success here *might* lead to a successful outcome for Schulze, but, given the nature of his claims and prayer, such an outcome would not involve a release. Even a successful outcome, however, is unlikely.  Schulze admits to receiving an average of one hour per day, each day, outside of his cell during the lockdown. Although there is no minimum, constitutionally required amount of time that inmates must be afforded outside of their cells, courts have consistently considered one hour per day, five days per week, sufficient under the Eighth Amendment.  *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008) (as amended) (approving authority from other circuits calling for "five to seven hours" of weekly out-of-cell exercise for inmates in segregated housing); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994) (discussing right to regular outdoor exercise for inmates indefinitely confined in segregation); *Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979) (discussing limitations on outside exercise for extended periods). Schulze fails to state a claim under the Eighth Amendment.

Prisoners have a constitutional right to access to the courts, which includes filing direct criminal appeals, habeas petitions, and civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 346, 354 (1996).  Claims for the denial of access to the courts

may arise from the hindrance of "a litigating opportunity yet to be gained" or from the loss of a suit that cannot now be tried.  *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  As a threshold requirement to an access to the courts claim, a plaintiff must allege an "actual injury."  *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  *Lewis*, 518 U.S. at 348.  Failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal."  *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Although Schulze alleges that he has *three* pending cases with imminent deadlines, he does not identify these cases or explain what is due or when.  The federal court database reveals that Schulze has *two* pending cases in this federal court, besides the present case.[2]  *See Schulze v. Kobayashi*, No. 20-000047 LEK-KJM (D. Haw., filed Apr. 29, 2020); and *Schulze v. Fed. Bureau of Prisons*, No. 1:20-cv-00188 JAO-WRP (D. Haw., filed Apr. 27, 2020) (Schulze's last filing: Ex Parte Motion to Recuse, May 6, 2020, ECF No. 4).  Neither of these cases have any imminent due dates for filings, nor is anything due in the instant action.  Schulze

---

[2]A court may take judicial notice of undisputed matters of public record, including court records available through PACER.  *See* Fed. R. Evid. 201(b); *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).  *See* http://pacer.psc.uscourts.gov. (PACER Case Locator).

5

had another case, *Schulze v. United States Attorney General*, No. 1:20-cv-00090 DKW-KJM (D. Haw. 2020), but it was closed on May 14, 2020, by a stipulated dismissal of the parties. *See id.*, ECF No. 8. Schulze may have a state court case pending elsewhere, but he fails to identify any actual injury to it or to the federal cases noted above.

Schulze's Petition clearly does not fall within the "core" of habeas, however, and his claims "must be brought, if at all, under" *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for civil rights violations by federal actors. *Nettles*, 830 F.3d at 927 ("[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action."). Accordingly, Schulze fails to state a cognizable federal habeas claim for relief, and the Petition is DISMISSED.

## IV.  CONVERSION OF THE PETITION

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." *Nettles*, 830 F.3d at 936. "If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to

withdraw or amend his or her complaint." *Id.* (citation, quotation marks, and emphasis omitted).

The Court declines to convert Schulze's Petition into a civil rights complaint because he fails to state a colorable civil rights claim and because the Petition would then be subject to the provisions and restrictions of the Prison Litigation Reform Act ("PLRA"). This includes full payment of the $400.00 civil filing fee for a civil rights complaint, rather than the $5.00 fee for a habeas petition, and restrictions on the number of civil actions a prisoner may be able to bring in forma pauperis, and the type of relief that may be awarded. *See* 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. It is also apparent that Schulze has not exhausted his claims, which would likely require dismissal. The exhaustion requirements for filing a prisoner civil rights complaint differ significantly from those required for a federal habeas action. The Court will make no determination on this issue before Schulze has considered it himself.

The present Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on Schulze's claims. This does not prevent Schulze from filing a civil rights complaint after he considers his options.

## V.  CONCLUSION

(1)  The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without prejudice, but without leave to amend.

(2)  To the extent Schulze raises conditions of confinement claims that do not impact the duration or fact of his detention, those claims are DISMISSED without prejudice to raising them in a civil rights action.

(3)  Schulze cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition either debatable or incorrect, and therefore any request for a certificate of appealability is DENIED.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Rule 11(a) of the Habeas Rules.

(4)  Any pending motions are DENIED.

IT IS SO ORDERED.

DATED: May 19, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

-------------------------------------------------------------------------------------------------
*Michael F. Schulze v. Hiromichi Kobayashi* ; Civil No. 20-00222 DKW-RT;
**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

*Schulze v. Kobayashi*, No. 1:20-cv-00222 DKW-RT; hab '20